UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff*, | )<br>)<br>) |
| vs. | ) No. 4:22-cr-00041-TRM-SKL-1<br>) |
| TONY CANNON, JR.,<br>*Defendant*. | )<br>)<br>) |

**BRIEF IN SUPPORT OF MOTION TO DISMISS COUNT ONE**

COMES NOW Defendant and respectfully shows the Court as follows in support of his concurrently filed Motion to Dismiss Count One:

**BACKGROUND**

## I. The Indictment

Only Count One of the Indictment is relevant here. It charges as follows:

> The Grand Jury charges that on or about October 29, 2022, in the Eastern District of Tennessee, the defendant, TONY CANNON, Jr., knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, and the firearms and ammunition were in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

[RE 1 (11/22/22 Indictment), PageID# 1].

1

## II. Discovery

Discovery reveals several different firearms and ammunition, allegedly recovered at different places on October 29, 2022.

On October 29, 2022, law enforcement claims to have recovered firearms and ammunition from co-defendant Grier's home, which she supposedly said belonged to Mr. Cannon:

> I then explained to her that "they" told me they believed that Mr. Cannon still had property at the residence. At this point I could tell by Ms. Grier's body language that there was something of Mr. Cannon's in the residence and she was reluctant to tell me. I then explained to her that "the other investigators" had been able to look at all of her messages, to and from Mr. Cannon. I further explained that with the plain smell of marijuana I could seek a search warrant, I in fact had a narcotics buy from Ms. Grier at the residence with in the past 72 hours but did not disclose this to her. I explained to her we were there to seek cooperation but that she had the right to request that I present a search warrant. After further speaking to Ms. Grier, she made the statement "what if the drugs are gone", we had not spoke about drugs being in the residence up to this point. Ms. Grier asked several "what if" questions about what would happen if she gave me the drugs. Ms. Grier stated that the drugs in the residence were Mr. Cannon's and that he had left them there for her to sell. After talking to her about this Ms. Grier told me that she would give me the drugs and directed me to a black shoe box on the floor next to the bed and told me the drugs were in there. I recovered the box and she told me that I could open it. When I opened the box I discovered 9 plastic bags that contained a clear crystal like substance, 4 plastic bags that contained several blue pills with the imprint "M-30" on them, 3 AR style rifle magazines, a pistol magazine, a 9mm pistol round, 4 empty plastic baggies, a plastic bag that contained a small amount of suspected marijuana and digital scales. After

[Discovery Documents # 67].

On October 29, 2022, at a traffic stop at which Mr. Cannon was arrested on an outstanding warrant, law enforcement recovered a gun thrown out of a car by a passenger and another recovered inside the car after the passenger fled:

> On October 29, 2022, Officer Clinton Grant with the Estill Springs Police Department pulled TONY CANNON, JR over on Spring Creek Road in Franklin County (2009 Chrysler 300, black, TN tag: MT8702). In the car with TONY CANNON, JR was his father, TONY THOMAS, aka (Tony Cannon Sr), and DENNIS EVANS. TONY CANNON, JR was arrested on a warrant out of Lincoln County during the traffic stop. While TONY CANNON, JR was removed from the car and arrested, Officer Grant detected the odor of marijuana coming from the vehicle.
>
> After TONY CANNON, JR was placed into handcuffs, Officer Grant asked TONY THOMAS to exit the vehicle. TONY THOMAS was observed removing an object from his pocket/hoodie and throwing an object into the grass. TONY THOMAS then ran from the scene. The object that TONY THOMAS threw was found to be a Taurus G2C 9MM (Serial #ABC421194).
>
> As TONY THOMAS was running/tossing the gun, DENNIS EVANS exited the backseat of the Chrysler 300, began yelling, and then got into the vehicle's driver seat and fled. Officer Grant pursued DENNIS EVANS approximately three miles to the area of Elk River Trailer Park. Once DENNIS EVANS drove into the trailer park, he turned the headlights off on the car and continued to drive toward the back of the property. Officer Grant heard 3-5 gunshots, with at least one hitting his patrol unit. Officer Grant then reversed out of the area and waited on additional units to arrive.
>
> Officer Grant and other units received a 911 call stating that the vehicle had driven into the river. Estill Springs PD then requested the Tennessee Highway Patrol to utilize their helicopter to locate DENNIS EVANS. The helicopter located DENNIS EVANS, and members of law enforcement were able to arrest DENNIS EVANS without any further issues.
>
> A tow truck was called to the scene and removed the Chrysler 300 from the river. Law enforcement located another Taurus pistol (tan with an extended magazine), marijuana, and crack cocaine. These items were seized by Estill Springs PD.

[Discovery Documents #41].

Additionally, a search of the lake the following day revealed an AR rifle:

> The rifle used in this incident was not located in the Chrysler 300 when it was removed from the water. On October 30, 2022, the Franklin County Dive team located the rifle in the water where the vehicle was submerged.

[Discovery Documents #42].

**ARGUMENT**

### I.     Standard of Review

The Federal Rules requires that every indictment in a felony case contain, among other things, "a plain, concise, and definite written statement of the essential facts

constituting the offense charged." Fed. R. Crim. Pro. 7(c). The Constitution also imposes requirements for felony indictments. "Under the Notice Clause of the Sixth Amendment, a criminal defendant has the right 'to be informed of the nature and cause of the accusation' against him. U.S. Const. amend VI. In addition, the Indictment Clause of the Fifth Amendment requires that a defendant be charged with only those charges brought before the grand jury. U.S. Const. amend. V." *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000).

When an indictment alleges an offense, "the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 (1888). Furthermore, "facts are to be stated, not conclusions of law alone. A crime is made up of acts and intent; and these must be set forth in the indictment, with reasonable particularity of time, place, and circumstances." *United States v. Cruikshank*, 92 U.S. 542, 558 (1875).

## II. Count One Must Be Dismissed.

Coune One fails to state an offense. Although the Sixth Circuit has previously affirmed the constitutionality of the felon-in-possession statute, its prior caselaw is now inconsistent with Supreme Court Second Amendment precedent and must be abandoned. *Cf. United States v. Vaughn*, 2023 U.S. App. LEXIS 25818, *3 (Sep. 28,

2023) ("[W]e unambiguously held in *United States v. Carey*, 602 F.3d 738, 741 (6th Cir. 2010), that felon-in-possession statutes do not violate the Second Amendment, and that remains the binding law in this circuit. While we have not yet revisited this issue following the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022), … there are numerous appeals pending before us that raise the issue…."). Mr. Cannon respectfully submits that the felon-in-possession statute, on its face and/or as applied here, is unconstitutional under the Second Amendment. But Mr. Cannon acknowledges at present that this Court is bound by contrary Circuit precedent that forecloses his claim. He raises the issue now so that he can argue on appeal, if the Sixth Circuit has not already done so, that the statute is unconstitutional.

Yet a dismissal is still required under current precedent. Count One violates the pleading requirements of the federal rules and of the Constitution. It is not clear which firearm(s) or ammunition that the Grand Jury found probable cause to believe that Mr. Cannon possessed. That makes it defective. *See generally Russell v. United States*, 369 U.S. 749, 765 (1962) ("It is an elementary principle of criminal pleading, that where the definition of an offence, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, -- it must descend to particulars." (quotation omitted)). And explicit pleading will prevent "the

5
Case 4:22-cr-00041-TRM-SKL   Document 44   Filed 10/02/23   Page 5 of 7   PageID #: 104

prosecution [from being] free to roam at large – to shift its theory of criminality so as to take advantage of each passing vicissitude of the trial and appeal." *id*. 369 U.S. at 768. Indeed, the current capacious pleading would hinder his ability to plead double jeopardy if he is acquitted on Count One but is subsequently re-charged on the theory that a particular gun was not included in the original charge.

## CONCLUSION

Count One should be dismissed.

Dated: October 2, 2023.

Respectfully submitted,

TONY CANNON, JR.

s/Howard W. Anderson III
Howard W. Anderson III
B.P.R. No. 34693

TRULUCK THOMASON LLC
3 Boyce Ave.
Greenville, SC 29601
864-331-1751 (Ph)
1-888-501-1704 (toll free)
howard@truluckthomason.com

or

PO Box 2242
Cleveland, TN 37320-2242

# CERTIFICATE OF SERVICE

 I, Howard W. Anderson III, certify that I filed a copy of the foregoing paper using the Court's CM/ECF system, which will deliver a copy to all counsel of record except for the following, whom I have this day served by U.S. Mail:

 n/a

s/Howard W. Anderson III
Howard W. Anderson III
